FELIPE SEGARRA SERRA, Petitioner, v. SANTIAGO IGLESIAS, JR., RAFAEL PICÓ and CARLOS M. PASSALACQUA, as members of the Puerto Rico Planning, Urbanizing and Zoning Board, Respondents.

No. 14. Argued January 16, 1950.—Decided March 31, 1950.

140

*Brown, Newsom & Córdova* for petitioners.   *Vicente Géigel Polanco, Attorney General,* and *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano,* counsel for the Planning Board, for respondents.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Felipe Segarra Serra and Eduardo G. González submitted to the Planning Board a proposal to subdivide 62.37 cuerdas of land in Santurce.   This Declaration of Intention to Subdivide was approved by the Board on July 16, 1947 as the preliminary development of the Santa Teresita Urbanization,

on condition that the Plans of Construction shall provide that certain specified lands shall remain free to be acquired by the People of Puerto Rico for school and park purposes.

On April 28, 1948 the Board approved the Plans of Construction submitted by Segarra and González, which reserved the areas in question for a park and an intermediate school. On June 23, 1948 the Board approved a plan of partial inscription of certain lots in the Urbanization submitted by Segarra and González which again indicated the same reserved areas for school and park purposes.

However, on August 16, 1948 Segarra and González filed a petition before the Board asking it (1) to set aside its orders of July 16, 1947 and June 23, 1948, to which as already noted the petitioners had agreed, insofar as they reserved approximately 20 cuerdas of land to be acquired by the People for school and park purposes, and (2) to approve subdivision of the said 20 cuerdas in order to make them part of the Santa Teresita Urbanization. Their petition alleged that they had not previously objected to the reservation of this area for public purposes in the belief that the government would proceed to acquire this land by condemnation within a reasonable time; that more than a year had elapsed without any action of the government; and that they were thereby being deprived of their property without due process of law, particularly their right to subdivide this land to make it a part of the Santa Teresita Urbanization.

On September 22, 1948 the Board denied this petition. On October 2, 1948 the petitioners moved for reconsideration. On December 22, 1948 the Board denied the motion for reconsideration. In addition to the reasons given in its order of September 22, 1948 the Board denied the motion for reconsideration because 15.4683 cuerdas of the said land had been condemned for park purposes, making the case academic as to that portion of the land. The petitioners thereupon filed a motion praying that the order denying reconsideration be set aside because 2.1737 cuerdas of the land involved, which was

reserved for a school, had still not been condemned. Before the Board passed on this last motion, González and Segarra filed a petition for a review in this Court.

■■ We pass first on the problem of our jurisdiction to review the order of the Board of September 22, 1948 and its order of December 22, 1948, refusing reconsideration thereof, pursuant to § 26 of Act No. 213, Laws of Puerto Rico, 1942, as amended by Act No. 429, Laws of Puerto Rico, 1946.

The Board contends that § 26 does not apply as the petitioners are in effect seeking an amendment of the zoning map of San Juan, which can be amended only by following the procedure laid down in § 17 of Planning Regulation No. 4. Section 17 provides that the zoning map may be amended (1) at the initiative of the Board, (2) on petition of the Municipal Assembly involved, and (3) on petition of the owners of not less than 50% of affected owners but not less than 20 in number. Section 17 also provides that a public hearing must be held before the zoning map is amended.

The procedure in § 17 obviously contemplates modifications in the public interest. It does not give the petitioners a private and individual right. The latter was provided by the Legislature in § 26 of Act No. 213, as amended, and applies here. We therefore reject the argument of the Board that we should dismiss the petition for lack of jurisdiction.

■■ The only error assigned by the petitioners on the merits is that the action of the Board in refusing permission to subdivide the 2.1737 cuerdas of land on the ground that it has been reserved for public use as a school deprives the petitioners of their property without due process of law in violation of § 2 of the Organic Act.

We assume, without deciding, that land which is zoned for public use must be acquired by purchase or condemnation by the government within a reasonable time. *Cf. Zayas* v. *Planning Board*, 69 P.R.R. 27, 33, *et seq.* The record shows that when the petitioners submitted their original proposal for this urbanization, a number of problems arose; that these

problems were adjusted to the satisfaction of both private and public interests; and that an arrangement was therefore made, which was satisfactory to the petitioners, and which was embodied in the orders of the Board of July 16, 1947 and June 23, 1948. This arrangement included a specific provision that the land now in controversy would be reserved for park and school purposes. We agree with the petitioners that there was implicit in this arrangement a provision that the government would acquire the land within a reasonable time. But under all the circumstances of this case we cannot agree that more than a reasonable time had elapsed when the petitioners asked the Board on August 16, 1948 to set aside its orders of July 16, 1947 and June 23, 1948. This is particularly true in view of the facts that virtually all of the land had actually been condemned by the time the Board passed on the motion for reconsideration and that the urbanization was being completed gradually in several stages during this period.

The orders of the Board of September 22, 1948 and December 22, 1948 will be affirmed.